## CHARLES TILTON v. W. H. KNAPP.

1. RECORD—UNCERTAINTY; *Issue; Evidence.* Where the answer and reply are not set out in full in the record, nor even the substance of the same given, the supreme court cannot tell what the issues in the case were in the court below; nor what evidence would be required to prove such issues, or to sustain the decision of the court below.

2. ———— Where the record does not purport to contain all the evidence, the supreme court cannot tell whether the evidence introduced on the trial sustains the decision of the court below.

3. ———— *Motion for New Trial; Presumption.* Where a statement is inserted in a motion for a new trial that no evidence was introduced on the trial except an affidavit for a continuance, and there is no evidence to sustain this statement, and the court below overrules the motion for a new trial, *held*, that it should be presumed by the supreme court that the statement was not true.

### *Error from Sumner District Court.*

ACTION by *Tilton*, as plaintiff, to foreclose a mechanic's lien, a statement for which had been duly filed. The account attached to said statement showed a balance in favor of plaintiff of $149.31. At the November Term 1872 the plaintiff moved for a continuance, and filed an affidavit showing what he expected to prove by one C. S., an absent witness. The record contains a skeleton "case made," signed by the district judge, in which are instructions to insert, in their proper

places, the petition, answer, reply, affidavit, judgment, etc. This is followed by a duplicate of said "case made," made complete by the insertion of the pleadings, etc., as directed in the original. In this latter part of the record, next after the affidavit for a continuance, is the following:

"And the defendant answering himself ready for trial, and consenting that the said affidavit might be received and treated as the deposition of said absent witness, the court thereupon ordered the trial of this cause to proceed. This cause was thereupon submitted to the court, without the intervention of a jury, upon the petition, answer and reply, and exhibits on file; and the court having heard the evidence and the arguments of counsel thereon, and being sufficiently advised in the premises, * * * finds for the plaintiff in the sum of $32.42. The court thereupon orders and adjudges that the plaintiff recover of the defendant the sum of thirty-two dollars and forty-two cents, and the costs herein taxed at $7.55."

Plaintiff moved for a new trial, which was overruled, and he now brings the case here for review. No briefs on file.

*J. L. Abbott*, for plaintiff.

*Charles Wilson*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: The grounds relied upon in this case for a reversal are as follows: First, The record does not show that there was any answer to the petition in the court below; second, The decision of the court below is not sustained by sufficient evidence.

In answer to these objections we would say, first, the record does show that there was an answer to the petition. Even that portion of the record which the plaintiff in error claims constitutes the whole of the record, shows it. It shows that there was a petition, answer and reply, and that the action was tried thereon; and the other portion of the record sets out the answer and reply in full.

In answer to the second proposition of the plaintiff in error, we would say: If we should consider only that portion

of the record which the plaintiff in error claims to be the whole of the record, then we could not tell what the issues in the case were in the court below; for in that portion of the record the answer and reply are not set out in full, nor is even the substance of the answer or reply given; and therefore we could not tell what evidence would be required to prove such issues, or to sustain the decision of the court below. But even if we should examine the whole of the record, and ascertain what the issues were, still we could not tell whether the evidence introduced on the trial would sustain the decision of the court below, as the record does not purport to contain all the evidence, or even any material portion of the same. There certainly was evidence, for the decision purports to have been rendered upon "the evidence in the cause, and the arguments of counsel thereon." It is true, the plaintiff states in his motion for a new trial that there was no evidence introduced, except the plaintiff's affidavit for a continuance; but there was no evidence to sustain this statement, and the statement itself is no evidence of the fact. The court overruled the motion, which is some evidence that the statement was not true. It should therefore be presumed by the supreme court that the statement was not true.

The judgment of the court below will be affirmed.

All the Justices concurring.